IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:12-HC-2035-FL

| | | |
|---|---|---|
| NATHAN LEON STEPHENS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN A. DUNBAR, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on the motion to dismiss (DE 8) of respondent A. Dunbar ("respondent"), which the court construes as a motion for summary judgment.[1] The matter was fully briefed. In this posture, the issues raised are ripe for determination. For the following reasons, the court grants respondent's motion.

### BACKGROUND

On August 7, 2003, petitioner, a now federal inmate, was arrested by Texas state authorities for burglary, and was released on bond that day. Pet'r.s' Ex. B. Texas state authorities again arrested petitioner on October 1, 2003, for aggravated robbery. Id. Petitioner thereafter remained in Texas state custody. Id.

On October 6, 2003, the United States Marshal's Service transferred petitioner to federal custody pursuant to a federal writ. Id. On January 27, 2004, petitioner was sentenced in the United

---

[1] Because the parties attached matters that are outside of the pleadings, the court sent petitioner a Roseboro letter on September 12, 2012, informing petitioner that the court may construe the motion as one for summary judgment.

States District Court for the Western District of Texas to a term of one hundred five (105) months imprisonment for his possession of a firearm by a convicted felon conviction. Id.; Coll Decl.[2] ¶ 3. On February 3, 2004, petitioner was returned to Texas state custody. Pet'r's Ex. B.

On March 5, 2004, petitioner was sentenced in Texas state court to a seven-year term of imprisonment for attempted robbery. Id. Petitioner was paroled from his Texas state sentence on August 28, 2006. Id. That same day, the United States Marshal's Service took custody of petitioner and transferred him to federal custody to begin serving his federal sentence. Stephens v. Wilner, No. 08-CV-01573, 2009 WL 2883417, at *1 (D. Colo. Sept. 1, 2009).

On December 21, 2006, petitioner filed a complaint with the warden at the United States Penitentiary in Beaumont, Texas seeking credit on his federal sentence for the time he spent in Texas state custody. Coll Decl. ¶ 6. Ultimately, the Bureau of Prisons ("BOP") concluded that petitioner was in primary and exclusive federal custody beginning on October 7, 2003. Id. Consequently, the BOP applied one hundred twelve (112) days of jail credit to his federal sentence, and his federal sentence was calculated as commencing on January 27, 2004. Id. As a result of the BOP's calculation, petitioner's release date was calculated as December 3, 2011. Pet'r's Ex. C.

Petitioner subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado seeking nine hundred forty-three (943) days of credit on his federal sentence for the time he spent serving his state sentence. Stephens, 2009 WL 2883417, at *1. In the course of adjudicating petitioner's § 2241 petition in the Colorado district court, the BOP conducted a new audit of petitioner's sentence computation. Id.

---

[2] Cornelia Coll ("Coll") submitted an affidavit in support of respondent's motion for summary judgment. Coll is employed by the Federal Bureau of Prisons as a paralegal specialist. Coll Aff. ¶ 1.

2

at *2. Staff at the BOP's Designation and Sentence Computation Center determined that petitioner was in the primary custody of Texas state officials, and not federal officials, when his federal sentence was imposed. Id. Pet'r's Ex. B. As a result, the BOP calculated petitioner's release date as April 11, 2014. Id.

On September 1, 2009, the United States District Court for the District of Colorado, relying upon the BOP's updated sentence computation, held that petitioner was not entitled to credit on his federal sentence for the requested nine hundred forty-three (943) days he spent serving his Texas state sentence. Stephens, 2009 WL 2883417, at *1-2. The BOP subsequently revised petitioner's projected release date to reflect April 11, 2014.[3] Pet'r's Ex. B; Coll Decl. Attach. 1, p. 3.

On February 8, 2012, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking credit on his federal sentence for the time he was incarcerated with the state of Texas from the date of the imposition of his federal sentence, through the date he was paroled from his state sentence. In particular, petitioner asserts that the BOP improperly removed sentencing credit that it previously applied to his federal sentence.

Respondent subsequently filed its motion for summary judgment arguing that petitioner's current § 2241 petition is an unauthorized successive petition and abuse of the writ. Alternatively, respondent argues that the petition should be denied because petitioner failed to exhaust administrative remedies. The matter was fully briefed.

---

[3] Petitioner's projected release date was extended from April 11, 2014, to April 29, 2014, due to the forfeiture of good-time credit pursuant to two disciplinary actions. Resp't's Mot. for Summary J. n.3. Petitioner's loss of good-time credit due to his disciplinary actions is not the subject of this action.

**DISCUSSION**

A.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.     Analysis

Respondent contends that petitioner's challenge to his federal sentence computation should be dismissed for abuse of the writ. Title 28 U.S.C. § 2244(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides as follows:

> No circuit or district court shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Accordingly, the abuse of the writ doctrine generally prohibits inmates from re-litigating the same issues in subsequent habeas applications or from raising new issues in a subsequent habeas

4

proceeding.[4] See Rule 9(b), Rules Governing Habeas Corpus Proceedings; see also McClesky v. Zant, 499 U.S. 467, 489 (1991); Mendez v. United States, No. 04-HC-90-FL, 2004 WL 3327911, *2 n.1 (E.D.N.C. 2004), aff'd by 126 Fed. Appx. 148 (4th Cir. 2005). The government bears the initial burden of pleading abuse of the writ. McClesky, 499 U.S. at 494-495. To meet this burden the government must, with clarity and particularity, note petitioner's prior writ history, identify the claims that appear for the first time, and allege that petitioner abused the writ. Id. at 468. The burden then shifts to the petitioner to disprove abuse by showing cause for failing to raise the relevant claim in his prior petition and actual prejudice resulting from the claim. Id. at 493-94.

In this case, respondent contends that petitioner has abused the writ of habeas corpus because he requested the same nine hundred forty-three (943) days of prior custody credit on his federal sentence in his prior action in the United States District Court for the District of Colorado. See Stephens, 2009 WL 2883417, at *1. The Colorado District court reviewed petitioner's § 2241 petition, as well as the respondent's explanation of the BOP's sentence computation, and denied petitioner the requested credit on his federal sentence. Id. at *1-2.

As a defense, petitioner asserts that his claim in the instant petition is not a duplicate of the petition he filed in the Colorado District court because "this petition simply asks whether the BOP's

---

[4] The abuse of the writ doctrine, as set forth in McClesky, 499 U.S. at 489, was not supplanted by the enactment of the AEDPA, which prohibits second or successive habeas petitions which raise matters already adjudicated in a previous petition, and requires second successive petitioners raising new claims to be authorized by the appropriate court of appeals. See Zayas v. Immigration and Naturalization Service, 311 F.3d 247, 252-53 (3rd Cir. 2002); 28 U.S.C. §§ 2244(b) and 2255. Subsequent to the Third Circuit's ruling in Zayas, the Fourth Circuit Court of Appeals has affirmed by unpublished opinion numerous decisions by district court's where a second or successive § 2241 petition was dismissed as an abuse of the writ. See, e.g., Griffin v. U.S. Parole Commission, No. 3:02cv936, 2003 WL 23961849 (E.D. Va. Nov. 19, 2003), aff'd, 94 F. App'x 993 (4th Cir. 2004); Jackson v. Snyder, No. 5:05-HC-811-H, 2007 WL 4124348 (E.D.N.C. Sept. 5, 2007), aff'd, 239 F. App'x 779, 790 (4th Cir. 2007).

5

new audit, which removed the jail credit he was awarded by the Central Office . . . was proper." Pet'r's Resp. p. 2. The District of Colorado, however, considered the BOP's revised computation of petitioner's federal sentence and determined that the calculation was correct and that petitioner was not entitled to the requested credit on his federal sentence. See Stephens, 2009 WL 2883417, at *1. Accordingly, the court finds that issue has been considered and adjudicated by the Colorado District court.[5]

Based upon the foregoing, the court finds that respondent has properly plead abuse of the writ. Petitioner has not come forth with any evidence of cause or prejudice as required by McClesky. Therefore, petitioner's claim is dismissed as an abuse of the writ. Because petitioner's claim is dismissed as an abuse of the writ, this court does not reach respondent's other grounds for summary judgment.

## CONCLUSION

Respondent's motion for summary judgment (DE 8) is GRANTED, and the matter is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 29th day of July, 2013.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

---

[5] Contrary to petitioner's claim otherwise, the fact that the BOP subsequently upwardly revised its initial determination as to petitioner's release date does not alter the court's analysis in this action. See Major v. Apker, No. 5:12-HC-2098-D, 2013 WL 3340491, at *4 (E.D.N.C. July 2, 2013) (citing United States v. Wetmore, 700 F.3d 570, 574 (1st Cir. 2012)).